UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCOS REIS-CAMPOS,

    Petitioner,

v.

MARTIN BITER, Warden,

    Respondent.

No. C 12-3369 SI

**ORDER STAYING PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE**

## INTRODUCTION

Marcos Reis-Campos ("Campos"), an inmate currently incarcerated at Kern Valley State Prison, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has also filed a motion for order staying the petition and holding the matter in abeyance pending exhaustion of state claims.

## BACKGROUND

The petition and attachments thereto provide the following information: Campos was convicted in San Francisco County Superior Court of second degree murder and was sentenced to 50 years to life in prison. Campos appealed. On appeal, his conviction was affirmed by the California Court of Appeal. The California Supreme Court denied his petition for review on March 30, 2011.

On June 27, 2012, petitioner filed a state petition for a writ of habeas corpus alleging four of the claims in this pending federal petition. On June 28, 2012, petitioner filed his petition for habeas relief in this Court. The first two claims in the petition allege violations of petitioner's federal constitutional

rights, and were presented to the California Court of Appeal and the California Supreme Court in petitioner's direct appeal.

## DISCUSSION

A. <u>Review of Petition</u>

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) the prosecution failed to discharge its obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose evidence of the decedent's prior violent acts and related matters, depriving petitioner of his rights to due process and a fair trial; (2) the trial court violated petitioner's constitutional rights when it refused to allow the defense to cross-examine the prosecution's gang expert on critical matters going to the heart of petitioner's defense; (3) the prosecution failed to discharge its obligation under *Brady* when it failed to disclose additional exculpatory and impeachment evidence discovered after the judgment became final; (4) petitioner's constitutional rights were violated when the prosecution knowingly introduced false testimony; (5) petitioner's constitutional rights were violated because the defense could not effectively cross-examine the prosecution's gang expert due to the *Brady* violation asserted in claim three; and (6) the prosecution failed to correct the perjured testimony of the gang expert and knowingly painted a false picture of the victim, thereby violating petitioner's constitutional rights. The Court finds that the claims are cognizable in a federal habeas action.

B.   Motion For Stay

Pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), Campos moves for a stay of these proceedings so that he may exhaust four claims in the California Court of Appeal.[1] A stay under *Rhines* "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. Any such stay must be limited in time to avoid indefinite delay. *Id.* The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277.

The Court concludes that Campos satisfies the requirements for a *Rhines* stay. Petitioner's unexhausted claims allege various federal constitutional violations arising out of the prosecution's failure to disclose material exculpatory and impeachment evidence at the time of petitioner's trial, and its reliance upon false testimony and argument at that trial. These claims are potentially meritorious. The declaration of petitioner's counsel, Dennis Riordan, establishes good cause for the failure to exhaust, and there is no indication that the absence of exhaustion is the result of petitioner's dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. Accordingly, the Court GRANTS the motion to stay. Petitioner must return to federal court within thirty days of a final decision by the state courts on the unexhausted claims.

---

[1] Litigants and courts often refer to the procedure as a "stay and abeyance." The phrase refers to the district court "stay[ing] the petition and hold[ing] it in abeyance while the petitioner returns to state court to exhaust." *Rhines v. Weber*, 544 U.S. 269, 275 (2005). For convenience, the Court refers to the combined procedure as a stay.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief. The Court will not order a response from respondent at this time because the action is being stayed so that Campos can exhaust state court remedies for additional claims.

2. The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on petitioner's counsel.

3. Petitioner's motion to stay is GRANTED. Docket No. 2.

4. This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until Campos exhausts any unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the stay and file an amended petition if necessary.

**IT IS SO ORDERED.**

DATED: July 20, 2012

SUSAN ILLSTON
United States District Judge