1

2

3

4               IN THE UNITED STATES DISTRICT COURT

5               FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

MARCOS REIS-CAMPOS,                          No. C 12-03369 SI

7
                    Petitioner,              **ORDER TO SHOW CAUSE**

8        v.

9    MARTIN BITER,

10                  Respondent.
                                          /

11

12

13         Marcos Reis-Campos, a prisoner incarcerated at the Kern Valley State Prison, in Delano,

14   California, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now

15   before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section

16   2254 Cases.

17

18                                        **BACKGROUND**

19         Petitioner Reis-Campos was convicted in San Francisco Superior Court of second degree murder

20   (Cal. Penal Code § 187), with gang enhancements (Cal. Penal Code § 182.22(b)(1)); and of active gang

21   participation (Cal. Penal Code § 186.22(a)).  Petitioner was convicted of killing Guillermo Fuentes, a

22   leader in the MS-13 gang.  Petitioner was sentenced him to an aggregate sentence of 50 years to life

23   imprisonment.

24         Reis-Campos appealed, arguing that the prosecution had suppressed material information

25   favorable to his defense in violation of his due process rights as established by *Brady v. Maryland*, and

26   that the trial court had erroneously curtailed his cross-examination of a key expert prosecution witness.

27   Reis-Campos's conviction was affirmed by the California Court of Appeal and his petition for review

28   was denied by the California Supreme Court.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1      Following his appeal, Reis-Campos secured additional information regarding federal and state

2 investigations and prosecution of the MS-13 gang.  He filed a petition for writ of habeas corpus in the

3 California Court of Appeal, arguing that the new evidence supported his allegations that the prosecution

4 suppressed evidence and the expert witness had presented false testimony.  At the same time, Reis-

5 Campos filed his initial petition for a writ of habeas corpus in this Court, which contained both

6 exhausted and unexhausted claims.  The Court stayed the case until petitioner exhausted all of his

7 claims.  Subsequently, the California Court of Appeal denied Reis-Campos's state habeas petition, and

8 the California Supreme Court denied review.

9      Upon petitioner's motion, the Court reopened the case, and petitioner filed his amended petition

10 for writ of habeas corpus.

11

12                 **DISCUSSION**

13      This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

14 pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

15 Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering

16 an application for a writ of habeas corpus shall "award the writ or issue an order directing the

17 respondent to show cause why the writ should not be granted, unless it appears from the application that

18 the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is

19 appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or

20 patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

21      The petition alleges the following fours claims:  (1) denial of petitioner's rights under the Fifth

22 and Fourteenth Amendments because the prosecutor unlawfully suppressed evidence of the victim's

23 violent history, which was material evidence favorable to petitioner's defense and thus required by

24 *Brady v. Maryland*; (2) denial of petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments

25 because the court denied him the right to fully cross-examine the prosecution's expert witness; (3) denial

26 of petitioner's rights under the Fifth and Fourteenth Amendments when the prosecutor unlawfully

27 suppressed additional evidence of the victim's violent history and gang involvement; and (4) denial of

28 petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments because the court relied on, and

**United States District Court**
For the Northern District of California

1    failed to correct, the perjured testimony of the prosecution's expert witness.  These claims are

2    cognizable in a federal habeas action.

3

4                                            **CONCLUSION**

5          For the foregoing reasons,

6          1.    The petition states a cognizable claim for habeas relief and warrants a response.

7          2.    The clerk shall serve by certified mail a copy of this order, the petition and all

8                attachments thereto upon respondent and respondent's attorney, the Attorney General

9                of the State of California.  The clerk shall also serve a copy of this order on petitioner.

10         3.    Respondent must file and serve upon petitioner, on or before **July 22, 2013**, an answer

11               conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,

12               showing cause why a writ of habeas corpus should not be issued.  Respondent must file

13               with the answer a copy of all portions of the court proceedings that have been previously

14               transcribed and that are relevant to a determination of the issues presented by the

15               petition.

16         4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse with the

17               court and serving it on respondent on or before **August 21, 2013**.

18         5.    Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the

19               court informed of any change of address and must comply with the court's orders in a

20               timely fashion.

21         6.    Petitioner is cautioned that he must include the case name and case number for this case

22               on any document he submits to this court for consideration in this case.

23

24         **IT IS SO ORDERED.**

25

26   Dated: May 23, 2013

27                                                          SUSAN ILLSTON
                                                           United States District Judge

28

3