IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS REIS-CAMPOS, | No. C 12-03369 SI |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| MARTIN BITER, | |
| Respondent. | |

Marcos Reis-Campos, a prisoner incarcerated at the Kern Valley State Prison, in Delano, California, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Petitioner Reis-Campos was convicted in San Francisco Superior Court of second degree murder (Cal. Penal Code § 187), with gang enhancements (Cal. Penal Code § 182.22(b)(1)); and of active gang participation (Cal. Penal Code § 186.22(a)). Petitioner was convicted of killing Guillermo Fuentes, a leader in the MS-13 gang. Petitioner was sentenced him to an aggregate sentence of 50 years to life imprisonment.

Reis-Campos appealed, arguing that the prosecution had suppressed material information favorable to his defense in violation of his due process rights as established by *Brady v. Maryland*, and that the trial court had erroneously curtailed his cross-examination of a key expert prosecution witness. Reis-Campos's conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court.

Following his appeal, Reis-Campos secured additional information regarding federal and state investigations and prosecution of the MS-13 gang. He filed a petition for writ of habeas corpus in the California Court of Appeal, arguing that the new evidence supported his allegations that the prosecution suppressed evidence and the expert witness had presented false testimony. At the same time, Reis-Campos filed his initial petition for a writ of habeas corpus in this Court, which contained both exhausted and unexhausted claims. The Court stayed the case until petitioner exhausted all of his claims. Subsequently, the California Court of Appeal denied Reis-Campos's state habeas petition, and the California Supreme Court denied review.

Upon petitioner's motion, the Court reopened the case, and petitioner filed his amended petition for writ of habeas corpus.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following fours claims: (1) denial of petitioner's rights under the Fifth and Fourteenth Amendments because the prosecutor unlawfully suppressed evidence of the victim's violent history, which was material evidence favorable to petitioner's defense and thus required by *Brady v. Maryland*; (2) denial of petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments because the court denied him the right to fully cross-examine the prosecution's expert witness; (3) denial of petitioner's rights under the Fifth and Fourteenth Amendments when the prosecutor unlawfully suppressed additional evidence of the victim's violent history and gang involvement; and (4) denial of petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments because the court relied on, and

2

failed to correct, the perjured testimony of the prosecution's expert witness. These claims are cognizable in a federal habeas action.

**CONCLUSION**

For the foregoing reasons,

1. The petition states a cognizable claim for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **July 22, 2013**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **August 21, 2013**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

**IT IS SO ORDERED.**

Dated: May 23, 2013

SUSAN ILLSTON
United States District Judge