UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS CAMPOS,<br><br>    Petitioner,<br><br>    v.<br><br>MARTIN BITER,<br><br>    Respondent. | Case No. 12-cv-03369-SI<br><br>**ORDER RE: PETITIONER'S POST-JUDGMENT MOTION AND GRANTING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 25 |

On September 26, 2014, the Court denied petitioner's petition for a writ of habeas corpus and denied a certificate of appealability. Petitioner has filed a motion seeking post-judgment relief. Petitioner contends that the Court erred as a matter of law in denying petitioner's claim that the prosecution knowingly used perjured testimony. The Court denied that claim on the ground that the state supreme court could reasonably have found as a matter of fact that Officer Molina's testimony was not false. Petitioner contends that the state court could not have made such a factual finding based upon the procedural posture at which the court denied petitioner's claim. Petitioner argues that his factual allegations of perjury had to be taken as true by the state court unless and until contradicted by sworn allegations by respondent, in which case an evidentiary hearing would have been required to resolve the disputed issues of fact. In the state court proceedings, respondent did not submit sworn allegations contradicting petitioner's allegations of

perjury, and the state court did not hold an evidentiary hearing.

The Court reconsiders its prior ruling and agrees with petitioner that the state supreme court could not have denied petitioner's *Napue* claim on the ground discussed in the Court's order. However, the Court concludes that habeas relief on this claim is not warranted because petitioner has not demonstrated that the allegedly false testimony was material. "To prevail on a claim based on *Napue* [*v. Illinois*, 360 U.S. 264 (1959)], the petitioner must show that (1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) that the false testimony was material." *United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003) (citing *Napue*, 360 U.S. at 269-71). "Material" means that there is a reasonable likelihood that the false evidence or testimony could have affected the judgment of the jury. *Morris v. Ylst*, 447 F.3d 735, 743 (9th Cir. 2006).

The testimony at issue related to whether Officer Molina had information about any attempts by MS-13 to commit retaliation against members of the Norteños, and more specifically whether the victim in this case, "Memo" Fuentes, had been involved in an unrelated revenge killing. However, as the Court found in denying petitioner's *Brady* claim involving evidence on the same topic, the direct appeal order notes that "there was considerable evidence at trial showing Fuentes's violent nature." *See Reis-Campos*, 2010 WL 5115183, at *9. The jury heard evidence about Fuentes's involvement with MS-13 and about the gang's violence, particularly with regard to its feud with the Norteños. *See, e.g.*, TR at 1022 (Fuentes was a "shot caller"); 1075-76 (MS-13 is responsible for homicides and is retaliation oriented). In addition, as the direct appeal order notes, evidence corroborating petitioner's testimony about Fuentes's threats against petitioner was admitted at trial. *See Reis-Campos*, 2010 WL 5115183, at *10 ("A police officer testified that on the same day as the May 22, 2004 shooting [at petitioner], he stopped a car matching the description of the vehicle involved in that incident and encountered Fuentes and another Sureño inside."). Thus, the California Supreme Court could reasonably have concluded that the testimony at issue was not material.

Petitioner also seeks reconsideration of the Court's denial of a certificate of appealability. The Court has reevaluated this issue and, in light of the complexity of the questions presented,

2

agrees that a certificate of appealability should be granted as to all claims.

**IT IS SO ORDERED**.

Dated:  March 19, 2015

_____
SUSAN ILLSTON
United States District Judge